IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **PALO DURO VILLAGE COOPERATIVE,** § § § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 2:23-cv-00118 |
| V. § | |
| § | |
| **AMGUARD INSURANCE COMPANY** § | |
| § | |
| *Defendant.* § § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant AmGuard Insurance Company, incorrectly named as AmGuard Insurance Company ("AmGuard" or "Defendant"), files this Notice of Removal to the United States District Court for the Northern District of Texas, Amarillo Division, on the basis of diversity jurisdiction and would respectfully show the Court as follows:

**I.
Background and Procedural History**

1.      This is an insurance coverage action. AmGuard issued insurance policy No. PABP130735 to Plaintiff Palo Duro Village Cooperative ("Plaintiff") for the policy period from November 12, 2020 to November 12, 2021 (the "Policy"). The Policy provided coverage for Plaintiff's property in Randall County, Texas ("Property"). Plaintiff alleges that "Venue of this action is proper in Randall County, Amarillo, Texas in that Randall County, Texas is the county in which all or a substantial part of the events or omissions that gave rise to Plaintiff's claim occurred." *See* Plaintiff's Original Petition ("Petition" or "Plaintiff's Petition") ¶ 6, attached and incorporated herein as Exhibit C-2. Plaintiff reported a claim to AmGuard concerning the reported

dates of loss on May 16, 2021 and August 21, 2021, and it was assigned Claim No. 1.58884 ("Claim"), *See* Exhibit C-2 ¶ 7.

2. On May 25, 2023, an action was commenced by Plaintiff in the 181st Judicial District Court of Randall County, Texas, styled *Palo Duro Village Cooperative vs. AmGuard Insurance Company*, Cause No. 83177B and a separate Jury Demand. Plaintiff asserts causes of action for intentional breach of contract, noncompliance with the Texas Insurance Code, including bad faith and the prompt payment of claims, and DTPA violations. *See* Exhibit C-2.

3. The process papers were sent by traceable mail to C T Corporation System for AmGuard Insurance Company and were delivered on June 12, 2023. *See* Exhibit C-3.

4. AmGuard filed its Original Answer in the 181st Judicial District Court of Randall County, Texas on June 30, 2023. *See* Exhibit C-4.

5. Gary Owens filed an affidavit of service on July 11, 2023. *See* Exhibit C-6.

6. The amount in controversy exceeds $250,000.00 and is under $1,000,000, exclusive of interest and costs. *See* Exhibit C-2**;** 28 U.S.C. § 1446(c)(2)**.**

7. Defendant files this notice of removal within 30 days of receiving service of Plaintiff's pleading. *See* 28 U.S.C. §1446(b).

## II.
## Basis for Removal

8. "Generally, a defendant may remove to federal court any state court civil action over which the federal court would have 'original jurisdiction.'" *Issa v. Allstate County Mut. Ins. Co.*, 4:20-CV-3227, 2021 WL 2457729, at *1 (S.D. Tex. June 16, 2021) (citing 28 U.S.C. § 1441(a); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)). "Federal courts have 'original jurisdiction' over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* (citing 28

U.S.C. § 1332(a)). The removing party has the burden of showing the removal is proper. *Id.* (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Removal of the above-captioned action is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

    **A.**    **There is Complete Diversity of Citizenship.**

9.    Plaintiff Palo Duro Village Cooperative is a citizen of Texas.

10.    Defendant AmGuard Insurance Company is a Pennsylvania corporation and maintains its principal place of business in Pennsylvania. As such, for diversity purposes, AmGuard is a citizen of Pennsylvania. 28 U.S.C. §1332(c)(1).

11.    Therefore, there is complete diversity between the parties.

    **B.**    **The Amount in Controversy Exceeds $75,000.**

12.    Plaintiff asserts it "seeks monetary relief over $1,000,000." *See* Petition, Exhibit C-2, ¶ 5. This allegation sufficiently demonstrates that the amount in controversy exceeds $75,000.

13.    In addition, Plaintiff is suing for benefits afforded to it under the homeowner's insurance policy issued by AmGuard, which includes $2,000,000 in aggregate coverage for Plaintiff's dwelling. *See* Policy Declarations, attached and incorporated herein as Exhibit C-5. In a first-party insurance action, the amount of contract damages can be up to the insured amount. Moreover, the Petition alleges AmGuard's actions were committed knowingly and intentionally and Plaintiff is seeking treble damages and exemplary damages. *See* Petition, Exhibit C-2 ¶ 13.

14.    The amount in controversy includes the following alleged elements of damages and attorney's fees: (i) actual damages for losses under the insurance policy; (ii) actual damages and treble damages for violation of the DTPA; and (iii) interest and attorney's fees. *See Sotello v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-CV-1303-DAE, 2021 WL 1624272, at *2 (W.D. Tex. Feb.

22, 2021) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Arceo v. Allstate Tex. Lloyd's*, No. 5:19-CV-00177-OLG, 2019 WL 10302262, at *1–2 (W.D. Tex. June 10, 2019); *Ray v. State Farm Lloyds*, No. Civ. A. 3:98-CV-1288-G, 1999 WL 151667, at *2 (N.D. Tex. Mar. 10, 1999)) (stating items the court may consider in determining amount in controversy include attorneys' fees, statutory damages, punitive damages, treble damages, policy limits and penalties, but not interest or costs).

15.     Considering all the foregoing, it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00 and the Court has diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332(a).

### III.
### The Removal is Procedurally Correct

16.     AmGuard was served with the Petition and process on June 12, 2023. AmGuard files this Notice of Removal within the thirty-day period set forth in 28 U.S.C. § 1446(b).

17.     Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

18.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, in addition to the Petition (Exhibit C-2) and the Policy Declarations (Exhibit C-5), the following items are being filed contemporaneously with this Notice of Removal: Index of Matters Being Filed (Exhibit A); Defendant's Original Answer (Exhibit C-4), an affidavit of Service (Exhibit C-6), a copy of the Docket Sheet (Exhibit C-1) and a List of All Counsel of Record (Exhibit D).[1]

---

[1] AmGuard is also filing its Rule 7.1 Disclosure Statement per Federal Rule of Civil Procedure 7.1 and LR 3.1.

19. Pursuant to 28 U.S.C. § 1446(d), after AmGuard files this Notice of Removal, written notice of the filing will be given to Plaintiffs, the adverse parties. Specifically, Plaintiffs will be served with notice of the filing.

20. Pursuant to 28 U.S.C. § 1446(d), after AmGuard files this Notice of Removal, a true and correct copy of this Notice of Removal will be filed with the Clerk of the 181st Judicial District Court of Randall County, Texas.

## IV.
## Conclusion

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant AmGuard Insurance Company, incorrectly named as AmGuard Insurance Company hereby removes this case to this Court for trial and final determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ J. Mark Kressenberg
J. Mark Kressenberg
Fed. Adm. No. 7793
State Bar No. 11725900
Email: Mkressenberg@thompsoncoe.com
Benjamin Ritz
Fed. Adm. No. 3252746
State Bar No. 24096147
Britz@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8200
Telecopy: (713) 403-8299

**LOCAL COUNSEL:**
RHONDA J. THOMPSON
State Bar No. 24029862
rthompson@thompsoncoe.com
700 North Pearl Street, 25th Floor

Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANT
AMGUARD INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this instrument has been served via e-filing, e-service, or email on July 12, 2023, on the following counsel of record:

Marty Rowley
600 S. Tyler St., Ste 1500
Amarillo, TX 79101
Tel: 806-374-4600
marty@martyrowley.com

*/s/ Mark Kressenberg*
J. Mark Kressenberg